No. 24,533.

Dick Colson, *Appellee,* v. Midland Valley Railroad Company, *Appellant.*

SYLLABUS BY THE COURT.

1. Railroads—*Delay in Transporting Cattle for Feeding—Measure of Damages.* The proceedings considered, and *held,* an instruction to the jury relating to liability of a railroad company for delay in transporting cattle, was correct, adequate, and properly given.

2. Same—When cattle are transported for the purpose of feeding them at destination, for market, the proper measure of damages for loss in weight occasioned by actionable delay is the expense of reproducing the weight lost.

Appeal from Cowley district court; Oliver P. Fuller, judge. Opinion filed June 9, 1923. Affirmed.

*Albert Faulconer, Kirke W. Dale, C. L. Swarts,* all of Arkansas City, and *O. E. Swan,* of Muskogee, Okla., for the appellant.

*Ward Wright,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one for damages resulting from delay in transporting a trainload of cattle. The plaintiff recovered, and the defendant appeals.

The cattle were moved from Hardy, Okla., to Muskogee, Okla., for feeding purposes. The evidence was conflicting relating to the time which should have been consumed and the time which was consumed in transporting the cattle, and it is sufficient to say there was enough evidence of unreasonable delay to sustain the verdict.

The shipment began and ended in the state of Oklahoma, and attention is called to a statute of that state making liability for delay depend on negligence. The statute was not pleaded or proved, and the district court was permitted to assume the law of this state governed. Besides that, in its instruction to the jury the court relieved the defendant from liability for unprecedented conditions, and for circumstances unavoidable by reasonable methods and methods usually employed, so that the distinction between transportation with reasonable dispatch and transportation without negligence, if there be any, was not substantial.

The instruction given made it sufficiently clear that, in determining the question of transportation with reasonable dispatch, the jury

were to take into consideration all the circumstances affecting movement of the train. The train was a special intrastate train, and the federal sixteen-hour law had no application to it.

The defendant requested the court to instruct the jury according to the market-value measure of damages. Pursuant to evidence on the subject, the court instructed the jury that, when cattle are shipped for the purpose of feeding, the measure of damages is the expense of replacing the lost weight occasioned by delay.

The theory of damages is that loss sustained should be compensated. When cattle are shipped to market, the purpose is to obtain the market price per pound. If in case of delay the number of pounds sold is less than it should have been, the loss sustained is properly computed at the market price. When cattle are shipped to pasture or to feeding pens, the purpose is not to obtain the present market price per pound. The purpose is to add weight, which will place the cattle in a different class for sale at a future time. In this instance, the cattle were fat from the range, and were shipped to Muskogee to grain-finish them for market. It was necessary to restore the loss in weight before finishing them. Experienced cattlemen are able to tell with keen accuracy what it costs in time and feed and care to make good this setback; and that expense constitutes the proper recoverable damages.

The defendant cites authorities to the effect that the market-value rule must be applied where possible, and that the rule is the same whether cattle are shipped for sale or for grazing or feeding. The situation of the plaintiff was distinctly different from what it would have been if he had been shipping his cattle to market; the market-value rule was not pertinent to his actual situation; his actual loss was not measurable by that rule; the purpose of awarding damages was not accomplished by applying it; and this court knows of no constraint to make arbitrary application of the rule under such circumstances.

Other subjects referred to in the briefs do not require special discussion, and the judgment of the district court is affirmed.